## Case No. 3.

### In re A. B.

[3 N. B. R. (1869,) 244, (Quarto 58.)]

District Court, D. Maine.

BANKRUPTCY — POWER OF REGISTER—COMPELLING CONVEYANCE BY BANKRUPT.

[A register has no power, on motion of the assignee and creditors in bankruptcy, to order the bankrupt to execute deeds releasing an interest held at the time of filing his petition.]

[In bankruptcy. Certificate to district judge by register of question arising in proceedings.]

[Statement by Charles Hamlin, Register:]

Upon the examination of said bankrupt in behalf of said creditors, the assignee being present, the following question was proposed to said bankrupt, viz.: "Referring to the conveyance requested by the assignee, please state whether you are now willing to execute them." The bankrupt answered: "Upon consulting with my counsel, present, I decline signing the deeds, unless otherwise directed by the court." The deeds referred to are release deeds of an interest of the bankrupt, which he had at the time of filing his petition in bankruptcy in Penobscot county, in this district. The counsel of said creditors and assignee then moved before me, that I order the bankrupt to execute said deeds.

Mr. Crosby, for creditors, and Judge Humphrey, assignee, spoke to the point that the execution of the deeds by the bankrupt would enable the assignee to sell the property at better terms, he thereby having the title to the same as it appeared of record.

McCrillis & Varney, for bankrupt, spoke to the point that all of the bankrupt's title to the property was now vested absolutely in the assignee, by the assignment under section 14, and that the "instruments, deeds, and writings" named in general clause 59, (Rice's Manual,) section 14, of bankrupt act, contemplate real property situate beyond the jurisdiction of the court, or beyond the limits of the United States.

### Opinion by Register.

I decided that I had no power to make the order requested, being of the opinion that the application should be made to the judge of this court. I did not pass upon the question of the right of the assignee as to whether or not, under sections 14, 15, and 26, the bankrupt ought or not to execute the conveyances. And the said parties requested that the same should be certified to the judge, for his opinion thereon.

FOX, District Judge. Decision approved.

——, A Bankrupt, In re.
[See Anonymous, Case No. 463.]

——, A Bankrupt, In re.
[See In re Doe, Case No. 3,957.]

## Case No. 4.

### In re ABBE.

[2 N. B. R. 75, (Quarto, 26;) 7 Amer. Law Reg. (N. S.) 824; 15 Pittsb. Leg. J. 589.]

District Court, D. New Jersey. 1868.

BANKRUPTCY—PARTNERSHIP—DISCHARGE—PARTIES.

[Where a member of a late copartnership files his individual petition under the bankrupt

act, and inserts in his schedules partnership debts, and there are no partnership assets to be administered, he is entitled to a discharge from his partnership as well as his individual debts; and it is not necessary to make the other partners parties to the proceedings, or to have them brought in under general order number eighteen. In re Little, Case No. 8,390, distinguished.]

[Cited in Re Leland, Case No. 8,228; In re Webb, Id. 17,317; In re Marks, Id. 9,094. Distinguished in Hudgins v. Lane. Id. 6,827; Crompton v. Conkling, Id. 3,407.]

[In bankruptcy. Warren C. Abbe filed a petition that the late copartnership of which he was a member be declared bankrupt; that the petitioner be declared bankrupt, and discharged from all his debts, partnership as well as individual. The register was of the opinion that the first request should be denied and the other granted. Heard on the certification of the register. Opinion of the register concurred in.]

BY THE REGISTER. I, Whitfield S. Johnson, one of the registers of the said court, do certify that in the above case certain questions arose, which are hereby certified to the court for its opinion thereon. The bankrupt has filed his petition and schedules in a different form from that hitherto uniformly adopted in this district. He first petitions, using the form prescribed for partnership petitions, (form two.) In this petition he sets himself out as a member of "a copartnership lately composed of himself and one Henry C. Read, of the city of Philadelphia, state of Pennsylvania." The petition then proceeds in the usual form for partners, alleging inability to pay debts, &c., and closes by praying that the said firm may be declared bankrupts, &c. It also contains the allegation that Abbe has been unable to get his "late co-partner, Henry C. Read, to join in this petition." The petition is signed and sworn to by Warren C. Abbe, alone. To this petition is attached a schedule showing debts to the amount of two thousand four hundred and fifty-six dollars, all of which are stated to have been "contracted as co-partner with Henry C. Read, of the late firm of Read & Abbe." The schedules show that there are no partnership assets. Then follows an individual petition, (form one,) with schedules of individual debts and assets. These disclose but one individual debt, and that small in amount, and no individual assets, except such as are exempt from the operation of the act.

The papers altogether, then, form substantially a petition: 1st. To have the late firm of Read & Abbe declared bankrupt. 2d. To have Warren C. Abbe declared bankrupt. 3d. To have Warren C. Abbe decreed (upon full surrender, &c.) a certificate of discharge from all his debts, both individually and as a member of the former firm of Read & Abbe. On the case coming to me on order of reference, I doubted my power to make such adjudication as is prayed for by the papers, and also as to whether I should certify the papers to be "correct in form." The practice in my district has hitherto invariably been for one who was formerly a member of a co-partnership to file an individual petition, (form one,) and annex thereto a schedule of his debts, both individual and co-partnership, stating opposite each debt, in its appropriate place in the schedules, "whether contracted as co-partner, &c., or not." Under this practice a large number who owed joint and separate debts have been granted certificates of discharge; and the practice was accepted without question as the correct one, until the decision of Blatchford, J., in Re Little, [Case No. 8,390,] was announced. In this decision the ground was taken that, before partnership debts could be discharged, it was necessary to have the firm declared bankrupt, and that this could only be done by each partner joining voluntarily, or by being brought in by notice, under general order number eighteen. Since that decision, I understand the practice in that district to have been modified so as to conform to it, but I am not aware of any other district in which it has been followed in practice. Aware of this decision, and, wishing to have the matter definitely settled, the attorney for the bankrupt in this case drew the papers in the form indicated, that this question might be raised and disposed of in this district. It is within my knowledge that there are a number of cases undisposed of in this district, in which the question as to the effect of a discharge upon an individual petition, upon partnership debts, becomes of great importance. I do not think I have the power to declare the firm of Read & Abbe bankrupts. The papers show that the firm was dissolved before the filing of the petition by Abbe. No act of bankruptcy is alleged or proved against Read. The petition is signed by Abbe alone. Read has not joined in it, and it is alleged that his consent cannot be obtained. He has had no notice of these proceedings. An order might be granted to give such notice to Read, and ordering him, were sufficient acts alleged, to show cause why the firm should not be declared bankrupts, but I do not think it necessary. The only object of Abbe in asking that the firm be declared bankrupts, is alleged to be that the partnership debts may be discharged as to him. He does not care whether Read is discharged from them or not. All he seeks is, that his own discharge if obtained, may discharge all the debts, both joint and separate, for which he is now liable. This, I think, would be the effect of a discharge obtained upon his petition, without reference to Read. My opinion is, if the present papers are regarded as a petition of Abbe's alone, and I adjudicate him bankrupt and not the firm, that his discharge would cover all debts both joint and separate. I have, therefore, refused to

grant the first prayer of the papers, and have held that it was not necessary to take any steps as to Read. It is true that Judge Blatchford's decision cited above holds, or seems to hold, differently; but, with all deference to his honor's learning and ability, I am inclined to doubt its correctness.

It must be evident that if, in order for one partner to rid himself of partnership debts, it is necessary for him to bring in all the other partners, a large number of partnership debts must remain undischarged. In many cases it would be impossible to find the other partners, or, if found, to procure their assent, or to prove acts of bankruptcy sufficient to sustain a petition as against them. I think it also evident, from the wording of the act, that such was not the intention of congress. Section thirty-three expressly provides that "no discharge granted under this act shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint-contractor, endorser, surety, or otherwise," implying that one partner may be discharged from joint debts, though the other is not. Neither does it seem that the act was so construed by the judges of the United States supreme court, who framed the general orders in bankruptcy and the forms of proceeding under the act. Among the particulars they require to be stated with regard to each debt in schedule A 3, is "whether contracted as co-partner, or joint-contractor, with any other person, and, if so, with whom," implying that partnership and individual debts may be set out in the same schedule attached to the same petition, the value of each debt being specified. It was early settled in England that a certificate upon a separate commission discharged both joint and separate debts. See Horsey's Case, 3 P. Wms. 23. I have not been able to find any decision reversing this early settlement of the law, but there are several confirming it. See Eden, Bankr. 396; Owen, Bankr. 297; Tucker v. Oxley, 5 Cranch, [9 U. S.] 37; 2 Abb. N. Y. Dig. 479. But since this case was filed another case has arisen in the southern district of New York, (see In re Frear, [Case No. 5,074,]) in which Mr. Register Fitch discusses substantially the same questions and arrives at the same conclusions I have, which conclusions seem to be approved or, at least, not dissented from by Judge Blatchford.

I am of the opinion, therefore, first. That I have no power to adjudicate the firm of Read & Abbe, bankrupts. Second. That it is unnecessary to allow the papers to be amended or affidavits filed on which to issue an order to bring Read in on notice under general order number eighteen. Third. That Warren C. Abbe should be adjudicated a bankrupt, that creditors, both partnership and individual, may prove their debts under such proceedings, and that his discharge will be a bar to partnership as well as individual debts. If the court should hold these opinions correct, I will, therefore, regard the papers simply as the petition of Warren C. Abbe to be discharged from all his debts, both joint and separate, and proceed in all respects the same as has hitherto been done in other cases. All which is respectfully certified to the honorable court for its opinion thereon.

W. S. Johnson, Register.

James Buchanan, for petitioner.

FIELD, District Judge.—I concur with the register in the opinion that where a member of a late co-partnership files his individual petition, under the bankrupt act, and inserts in his schedules debts contracted by said co-partnership, and there are no partnership assets to be administered, he will be entitled to be discharged from all his debts, individual as well as co-partnership, and that it is not necessary to make the other partners parties to the proceedings, or to have them brought in under general order number eighteen.

I have examined the two cases referred to before Judge Blatchford, and I am not sure that there is any conflict between them. In the case of In re Little, [Case No. 8,390,] the petition was filed by a member of an existing partnership, the schedule of debts showed that a large portion of the debts were co-partnership debts, and the inventory of assets showed that part of the assets was co-partnership property. The judge, therefore, considered the petition as, in fact, a petition to have the firm declared bankrupt on the petition of one of its partners. The application was to amend the petition by joining Dana, the other partner, with him in the proceedings; and the court, very properly, allowed the amendment to be made. It is true in giving his opinion the judge said, that until the other partner, Dana, was brought in, Little could not be discharged from the debts of the firm, because the theory and intent of section thirty-six of the act and of general orders numbers sixteen and eighteen, are, that the creditors of a firm should be required to meet but once, and that all questions in regard to the bankruptcy of the firm, and the administration of the assets of the firm, were to be determined in one bankruptcy forum. Now it is very evident that this reasoning would not apply to a case where the inventory did not include any assets of the firm, and where there were no assets of the firm to be administered.

In the other case referred to, that of In re Frear, [Case No. 5,074,] the petitioner filed his individual petition, praying that he might be discharged from all his debts, provable under the bankrupt act. The schedules annexed to the petition showed that the petitioner was also a member of a late co-partnership which was dissolved some

time before the filing of the petition, and that a large number of the debts were co-partnership debts. The question before the register, was whether a co-partnership debt could be proved. The register held that it could, and that the petitioner would be entitled to a discharge from all his debts, co-partnership as well as individual. Now, if the judge had thought that the register was wrong in this view of the case, he would certainly have said so. But he does not say so. All he says is: "The debt in question is provable, whether there are any assets of the co-partnership or not. If there are any such assets, they must be administered according to the provisions of section thirty-six of the act, and so must the assets of the separate estate of the bankrupt." From all which I infer the opinion of the judge to be that, when there are no assets of a co-partnership to be administered, a member of a late co-partnership may, upon his individual petition, be discharged from all his debts, co-partnership as well as individual. In this opinion I concur, and this is as far as it is necessary for me to go in order to dispose of the present case.